GROSS ET AL. *v*. THE STANDARD OIL CO. ET AL.

(No. 902,310—Decided November 5, 1975.)

Court of Common Pleas of Cuyahoga County.

*Mr. Seymour Gross, Mr. Leonard Saltezer* and *Mr. Arthur Klein,* for plaintiffs.

*Messrs. Hauxhurst, Sharp, Mollison & Gallagher, Messrs. Pepper, Hamilton & Sheets, Mr. Robert M. Dubbs, Messrs. Bricker, Evatt, Barton & Eckler, Messrs. Metzenbaum, Gaines, Finley & Stern, Messrs. Hahn, Loeser, Freedheim, Dean & Wellman, Messrs. Jones, Day, Cockley & Reavis, Messrs. Cronquist, Smith & Marshall, Mr. Thomas P. Butler, Jr., Mr. Roland Remley, Mr. Sheldon R. Hartman, Mr. George T. Simon, Messrs. Thompson, Hine & Flory and Messrs. Squire, Sanders & Dempsey,* for defendants.

GRIESINGER, J.* This case is brought under Civ. R. 23, effective July 1, 1970, and is commonly known as a class suit. There are three plaintiffs, all of them lawyers evidently associated in the practice of law. These same three lawyers are counsel for themselves and would act as counsel for all members of the class.

There are a large number of defendants including banks, department stores, oil companies, airlines, etc.

The substance of the plaintiffs' claims is that the credit practices of the defendants are in violation of law.

I.

The threshold question which the court must confront is whether this action may be maintained as a class action, Civ. R. 23(C) (1). The first criteria for determining the answer to this question are set forth in Civ. R. 23(A).

Civ. R. 23(A) reads as follows:

"One or more members of a class may sue or be sued as representative parties on behalf of all *only if* (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of *law or fact common* to the class, (3) the claims or defenses of the representative parties are *typical* of the claims or defenses of the class, and (4) the representative parties will *fairly and adequately protect* the interests of the class." (Emphasis added.)

A fair reading of this portion of Civ. R. 23 makes it

*Sitting by assignment.

plain that all four of these conditions must be met and that, if anyone of them is not, the lawsuit cannot qualify as a class action, or be certified as such under Civ. R. 23(C). There is no question that Civ. R. 23(A) (1) is met because the members of the class are so numerous that joinder of all members would be impracticable. However, this is the only one of the four conditions in Civ. R. 23(A) which is met.

The defendants in this case are engaged in various *types* of business, *e. g.*, banking, transportation, retail sales, etc. A consequence of this fact is that their business operations are governed by different statutes. Thus, the banking institutions are subject to R. C. 1107.26 and 1107.27, certain other defendants are subject to R. C. 1343.01 *et seq.*, the Ohio usury statutes, and still others to R. C. 1317.01 *et seq.*, the Ohio Retail Installment Sales Act.

In *Miles* v. *N. J. Motors* (1972), 32 Ohio App. 2d 350, the court found that the "claims of the plaintiffs and the class they represent are based upon a common nucleus of operative facts," and this finding supported the court's decision that a class action was maintainable. It is significant, however, that in *Miles* the plaintiffs alleged identical fraudulent auto sales practices and all of the defendants were auto dealers. On page 356 in *Miles*, the court lists four separate questions of law and fact "common to the members of the class." Such common questions cannot be readily detected in the case at bar.

Affidavits filed in this case indicate that just six of the defendants have approximately 6,000,000 accounts in Ohio. This case, if certified as a class action, would require examination of defendants' credit practices relating to all these accounts. But this is only the beginning, for, as stated herein-before, these banks, department stores, oil companies, etc., while brigaded together as defendants, are subject to quite different and distinct statutory strictures. Further complicating questions involve closed and open accounts, the differences between sales of "goods" and sales of "services," billing cycles, etc. None of these questions can be decided in such manner as to apply equally either to all

class members or all defendants. Thus, what we have here is really a great mass of separate lawsuits bearing, to be sure, some common features but many more disparate and individual features.

This state of affairs leads the court to the conclusion that this lawsuit would break down into a series of discrete lawsuits making efficient management of them an impossible task under the roof of a single lawsuit. Thus, the essential condition of Civ. R. 23(A) (2), that "there are questions of law or fact common to the class" is not found in this case.

Language appearing in *Gilmore* v. *General Motors Corp.* (1973), 35 Ohio Misc. 36, is especially appropriate here (and *Gilmore* presented a far less complex situation than we have here). Judge Angelotta of this court wrote, at page 43, "It is clear from what has already been said that management difficulties for this case as a class action would be impossible to overcome. The many individual questions would make it impossible to distinguish facts, apply law, and charge the jury."

Civ. R. 23(A) (3) states still another condition, which is a *sine qua non* of a class suit, that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." What has already been said about Civ. R. 23(A) (2) bears on this aspect of the rule but it should be added that the defendants would likely file counterclaims further complicating the efficient handling of this case. Some counterclaims would be applicable to certain members of the class, some to others, some to none. Civ. R. 23, construed most liberally, does not warrant literally scores claims and defenses to be adjudicated within the confines of the same case.

## II.

As earlier noted in this opinion, the named plaintiffs in this action who would serve as representatives of the class are three attorneys. These attorneys, associated in the practice of law, are serving as their own attorneys and are seeking to represent the entire class.

Civ. R. 23(A) (4) requires that "the representative parties will fairly and adequately protect the interests of

the class." A finding to this effect is an indispensable prerequisite to a class action. Examination of the cases leads the court to the conclusion that the dictate of Civ. R. 23(A) (4) is not met when, as here, the representative of the class is also the attorney for the class. This was the decision of Judge Adrian B. Fink of this court in *Shibley* v. *Time, Inc.*, Cuyahoga County Common Pleas Court Case No. 915,-246, affirmed by the Court of Appeals of the Eighth District, Cases Nos. 33745 and 33748 (1975). The Court of Appeals, in an opinion written by Judge John V. Corrigan, noted that in such circumstances there is a potential conflict of interest. The reason is obvious. The representative, as such, may realize a very small personal profit from a proposed settlement but the same representative, as attorney, will have a very substantial profit as his fee if the settlement is made. He may, therefore, be tempted to subordinate his interest as representative to his interest as attorney, and thus the conflict of interest is created. Judge Corrigan cites a number of federal decisions in support of his views on this subject.

In another opinion by Judge Fink written after that of the *Shibley* case, the same reasoning was followed in *Turoff* v. *Halle Bros. Co.*, Cuyahoga County Common Pleas Court Case No. 897,846. Judge Fink's decision in *Turoff* came after *Shibley* but before the Court of Appeals had affirmed *Shibley*. Thus, there is ample authority that still another of the requirements for a class action is not here satisfied.

## III.

As this court has determined that this lawsuit fails to qualify as a class suit under three of the subsections of Civ. R. 23(A), it is really unnecessary to reach the notice question. However, for such guidance as it may provide and as the question has been briefed by the parties, a few thoughts on the matter may be appropriate here.

It is necessary to refer briefly to *Eisen* v. *Carlisle & Jacquelin* (1974), 417 U. S. 156. In that case the U. S. Supreme Court ruled that class actions brought under Federal Rule 23 (B) (3), the same as the Ohio Rule, require notice to all members of the class. Before *Eisen* there

was no question that notice was required; this is expressly stated by Civ. R. 23(C) (2). The significance of *Eisen* is that it casts the burden of notice on the class action plaintiff and further mandates individual notice be given to each member of the class.

However, the plaintiffs in the case at bar petition the court to certify this case as a class action under Civ. R. 23 (B) (1) (a) or 23(B) (1) (b), or under 23(B) (2). The plaintiffs are probably correct in their assumption that *Eisen's* notice requirement is applicable only to actions under Rule 23(B) (3); this is what *Eisen* seems to say and the argument is supported by the express language of Civ. R. 23(C) (2) which appears to limit notice to Rule 23(B) (3) actions.

But the complaint in this case is framed as a Rule 23 (B) (3) action. It seeks money damages, both compensatory and punitive. While the complaint does seek forms of relief appropriate under Civ. R. 23(B) (1) and 23(B) (2), the dominant relief sought falls under Civ. R. 23(B) (3) and, therefore, invokes *Eisen* and its heavy notice requirement which plaintiffs have intimated they cannot meet.

Analysis of Rule 23, however, makes it clear that the court's determination of whether a case falls under Civ. R. 23(B) (1), or (2), or (3), becomes important only *after* it is determined that all of the conditions of Civ. R. 23 (A) have been met. These conditions are indispensable to the maintenance of a class action regardless of which subdivision of Civ. R. 23(B) the case fits. As earlier noted in this opinion, the court finds that the conditions cannot be met in this case.

It is, therefore, the opinion of the court that this action cannot be certified as a class action and it is so ordered. The case will proceed as the actions of the named plaintiffs. Although motions directed to remaining issues have previously been filed, it may be advisable to refile them (this will simplify the court's task in view of the voluminous file) and they will be dealt with as appropriate.

*Judgment accordingly.*