THE STATE, EX REL. COOK, APPELLANT, ET AL., v. ZIMPHER, CHAIRMAN, ET AL., APPELLEES.

[Cite as State, ex rel. Cook, v. Zimpher (1985), 17 Ohio St. 3d 236.]

(Nos. 84-105 and 84-975—Decided June 12, 1985.)

*Arnold S. Levin,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Lee M. Smith* and *Gerald H. Waterman,* for appellees.

WRIGHT, J. The issues presented in this case are whether a claimant may receive consecutive benefits for loss of a foot and a leg under R.C.

4123.57(C) where there has been but a single injury that necessitated a single amputation, and whether the court of appeals abused its discretion in refusing to certify appellant's case as a class action.

I

R.C. 4123.57 provides, in pertinent part:

"(C) In cases included in the following schedule the compensation payable per week to the employee shall be sixty-six and two-thirds per cent of his average weekly wage * * * and shall continue during the periods provided in the following schedule:

"* * *

"For the loss of a great toe, thirty weeks.

"For the loss of one of the toes other than the great toe, ten weeks.

"The loss of more than two-thirds of any toe is considered equal to the loss of the whole toe.

"The loss of less than two-thirds of any toe is considered no loss, except as to the great toe; the loss of the great toe up to the interphalangeal joint is co-equal to the loss of one-half of the great toe; the loss of the great toe beyond the interphalangeal joint is considered equal to the loss of the whole great toe.

"For the loss of a foot, one hundred fifty weeks.

"For the loss of a leg, two hundred weeks."

Appellant argues that the benefits contained in R.C. 4123.57(C) are consecutive. It follows from appellant's argument, that, as a result of the amputation of his leg, he should be entitled to receive an award of four hundred twenty weeks of compensation computed thusly: Seventy weeks of compensation for loss of five toes, one hundred fifty weeks of compensation for loss of his foot, and two hundred weeks of compensation for loss of his leg. Appellees contend that the benefits contained in R.C. 4123.57(C) are cumulative and that appellant is entitled to an award of two hundred weeks of compensation as the result of the injury and amputation.

Appellant argues that the term "leg" as used in R.C. 4123.57(C) must, by reason of R.C. 1.42, be interpreted to mean that portion of the lower extremity between the knee and the ankle. Appellant's proposed definition of "leg" would exclude the foot and toes. R.C. 1.42 provides that when interpreting provisions of the Revised Code, words are to be read in context and construed according to their "common usage," and that words which have acquired a technical or particular meaning should be construed accordingly. A lexigraphic survey reveals that the term "leg" has not acquired the technical meaning proposed by appellant.[1] Accordingly, appellant's proposed definition must be rejected.

---

[1] Webster's New International Dictionary (2 Ed. 1954) defines "leg" as "[a] limb or member of an animal used for supporting the body, and in running, climbing, or swimming." The first definition of "leg" in the Random House Dictionary (1971) is "one of the two lower limbs."

The loss-of-member awards for the lower extremities are arranged in R.C. 4123.57(C) so that they progress from the smallest part of the whole, the toes, to the next larger portion, the foot, to the whole, the leg. The amount of benefits to be paid also progresses from the smallest award for loss of a toe (loss of all five toes would call for an award for seventy weeks), to a larger award for loss of the entire foot (one hundred fifty weeks), to the largest award in the event of loss of the leg (two hundred weeks). This same pattern is followed in listing awards for losses involving the upper limbs — progressing from fingers, to hand, to arm.

This court has previously examined R.C. 4123.57(C) in the context of the upper limbs and determined that the awards are cumulative. In *State, ex rel. Samkas,* v. *Indus. Comm.* (1982), 70 Ohio St. 2d 279 [24 O.O.3d 364], an employee was involved in an industrial accident that necessitated an amputation of four fingers. Pursuant to a provision in R.C. 4123.57(C) that allows the increase of an award for loss of two or more fingers to an award for loss of a hand if the disability from the loss "exceeds the normal handicap or disability resulting from such loss," the employee was awarded one hundred and seventy-five weeks of compensation for loss of a hand even though only four fingers had been amputated. Subsequent to this award for loss of a hand, the employee sought compensation for loss of the fingers. This court held that the employee was not entitled to recover for the fingers in addition to his recovery for the hand.

It is noteworthy that appellant's proposed interpretation of R.C. 4123.57(C) would yield a situation where an individual is entitled to more compensation for loss of a leg than for permanent partial disability of the whole body. R.C. 4123.57(B) deals with compensation for permanent partial disability of the whole body and provides that an award under that section may not exceed two hundred weeks. Under appellant's theory, an individual who loses a leg would be entitled to receive more than twice as much as an individual who is one hundred percent permanently and partially disabled. The General Assembly obviously did not intend this result.

In light of the foregoing, we conclude that the General Assembly intended the schedule of awards regarding the lower limbs to be cumulative, and not consecutive. Accordingly, the maximum amount of compensation that may be recovered under R.C. 4123.57(C) for loss of the lower limb, including its parts, is that benefit scheduled for loss of the leg — presently two hundred weeks.

## II

Based on our interpretation of R.C. 4123.57(C), we need only consider appellant's claim that a class should be certified for individuals who, as a result of a single industrial accident, have suffered a loss of a leg at a point below the knee, but have been compensated only for loss of a foot. Civ. R. 23(A) provides the following requirements for class certification:

"One or more members of a class may sue or be sued as representative

parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

Failure to meet any one of these four requirements is a bar to certification as a class action. *Gross* v. *Standard Oil Co.* (1975), 45 Ohio Misc. 45 [74 O.O.2d 487]. The court of appeals held that appellant's complaint failed to satisfy Civ. R. 23(A)(1), (3), and (4). A reviewing court may not disturb a trial court's treatment of a motion to certify a class absent a showing of abuse of discretion. *Vinci* v. *American Can Co.* (1984), 9 Ohio St. 3d 98, paragraph one of the syllabus. An abuse of discretion "implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable." *Ojalvo* v. *Bd. of Trustees of Ohio State Univ.* (1984), 12 Ohio St. 3d 230, 232. Nothing akin to this standard is present in this case. Thus, we hold that the lower court did not err in denying appellant's motion for class certification.

Accordingly, the judgments of the court of appeals that the term "leg" in R.C. 4123.57(C) includes the foot and that a class is not to be certified herein are affirmed.

*Judgments affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and DOUGLAS, JJ., concur.

C. BROWN, J., dissents.

CLIFFORD F. BROWN, J., dissenting. Claimant-appellant has a right to permanent partial disability compensation for two hundred weeks for loss of his right leg in addition to the disability compensation of one hundred fifty weeks for loss of his right foot under R.C. 4123.57(C). He therefore has a right to three hundred fifty weeks of compensation. In this case this court reasons otherwise and contends that loss of his right leg includes the loss of his right foot, and that appellant has a right only to two hundred weeks of compensation for loss of his right leg. I disagree.

When R.C. 4123.57(C) is properly construed to determine the award for the loss of a right leg, the right foot is not a part of the right leg. "[T]he specific or technical definition" of leg "is that portion of the lower limb between the knee and foot." The court of appeals expressly so determined (case No. 84-975). This definition of leg is required in order to make a reasonable and liberal interpretation of the statute as mandated by R.C. 4123.95. We have often held liberal construction of workers' compensation statutes is mandated. See *State, ex rel. Mansour,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 94, 98 [48 O.O.2d 98]; *State, ex rel. Sayre,* v. *Indus. Comm.*

(1969), 17 Ohio St. 2d 57, 62 [46 O.O.2d 297]; *State, ex rel. Jackson,* v. *Indus. Comm.* (1958), 167 Ohio St. 290, 292-293 [4 O.O.2d 324]. R.C. 4123.57(C) is clear and unambiguous. It mandates two hundred weeks of compensation for loss of a leg *and* one hundred fifty weeks of compensation for loss of the foot.

In common usage the foot is not a part of the leg. It would be unusual for a person to use the word leg when referring to a foot, or vice versa.

In reaching an erroneous determination in this case the court of appeals and this court improperly relied upon our decision in *State, ex rel. Samkas,* v. *Indus. Comm.* (1982), 70 Ohio St. 2d 279 [24 O.O.3d 364]. *Samkas* is inapposite. In *Samkas* the claimant contended that he lost four fingers on one hand and therefore suffered the loss of the hand, entitling him to benefits both for loss of the fingers and for loss of the hand. This court in properly construing that part of R.C. 4123.57(C) applicable to the loss of fingers and a hand stated at 280-281:

"Appellant contends the benefits set forth in R.C. 4123.57(C) are consecutive in nature, and, as such, where an individual loses fingers he is entitled to compensation therefor, and if a hand is subsequently lost, additional compensation becomes due. Essentially, appellant's argument requests a ruling on a hypothetical fact situation not presently before this court.

"'* * * After the accident, appellant, the employer and the bureau agreed that the amputation of the fingers justified an award for the total loss of a hand. The statute is clear; under these circumstances additional compensation may be made but *under no circumstances is the award to* '* * * *exceed the amount of compensation for loss of a hand.'* " (Emphasis added.)

With regard to loss of fingers or a hand, the Ohio General Assembly specifically provided in R.C. 4123.57(C) that when loss of fingers on one hand exceeded the normal handicap or disability from such loss, the claimant had a right to an increase of compensation which "shall not exceed the amount of compensation for *loss* of a hand." (Emphasis added.) By contrast there is no language in R.C. 4123.57(C) which provides that compensation for loss of a leg and the foot attached thereto shall not exceed the amount of compensation for loss of a leg. If the legislature had intended such a limitation for loss of a foot and a leg it would have and should have specifically so provided in R.C. 4123.57(C), as it did provide with regard to the limitation of benefits for loss of fingers and the hand on which those fingers existed.

Where the legislature determined that compensation awarded under one provision of a statute should be deducted from compensation awarded under another provision of that statute the deduction was specifically so stated.

For example, R.C. 4123.57(D) states that the amount paid under division (A) of this section is not in addition to the compensation paid for per-

manent partial disability under division (B) or (C) of this section and the amount of compensation paid for partial disability under division (A) of this section shall be deducted from the amount of compensation payable for permanent partial disability under division (B) or (C) of this section but only one deduction shall be made.

There is no language in the statute from which an inference may be drawn that the compensation for the foot may be deducted from the compensation payable for the leg in stark contrast with the specific-deduction provision contained in R.C. 4123.57(D). See *State, ex rel. Martin,* v. *Indus. Comm.* (1978), 55 Ohio St. 2d 18 [9 O.O.3d 10].

Therefore, I dissent.