{¶ 9} I agree with the disposition of this case by our court as the rationale of State ex rel. Thomas v. Indus. Comm.
(2002), 97 Ohio St.3d 37, is binding on this court and must be followed by us, even though this case involves a leg and a foot rather than an arm and a hand considered in Thomas.
 {¶ 10} However, I believe that the Supreme Court of Ohio should reconsider the rationale of Thomas in reviewing this case in light of statutory construction and legislative intent of R.C. 4123.58(C). It goes without saying that a leg cannot be removed without removing the corresponding foot which casts severe doubt upon the Thomas holding in which there was scant discussion of applicable statutory construction principles, relying instead on language from our opinion which I believe was wrongly decided.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : International Paper, : Relator, : v. : No. 03AP-963 Steven A. Trucinski and : (REGULAR CALENDAR) Industrial Commission of Ohio, : Respondents. :
 MAGISTRATE'S DECISION Rendered on March 5, 2004 Taft, Stettinius Hollister, Timothy L. Zix, and Majeed G.Makhlouf, for relator.
Philip J. Fulton Law Office, Jonathan H. Goodman, andWilliam A. Thorman, III, for respondent Steven A. Trucinski.
Jim Petro, Attorney General, and Dennis L. Hufstader, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 11} Relator, International Paper, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted statutory permanent total disability ("PTD") compensation to respondent Steven A. Trucinski ("claimant") on the basis that claimant had sustained a loss of his left foot and leg, pursuant to State ex rel. Thomas v.Indus. Comm., 97 Ohio St.3d 37, 2002-Ohio-5306, and ordering that claimant is not entitled to statutory PTD compensation.
Findings of Fact:
 {¶ 12} 1. Claimant sustained a work-related injury on October 15, 1998, when he sustained severe trauma to his left lower extremity, as well as burns over large portions of his chest, back, and right upper extremity in a chemical explosion. Claimant's workers' compensation claim was ultimately allowed as follows:
Above the knee amputation of the left leg; bilateral inguinal hernias; first degree burns over the chest, back and right arm; multiple abrasions; fracture of the right fifth finger; psychological condition; adjustment disorder with depressed mood; one third loss, right fifth digit.
 {¶ 13} 2. Claimant was paid two hundred weeks of permanent partial disability ("PPD") compensation pursuant to R.C.4123.57(B).
 {¶ 14} 3. On February 19, 2003, claimant applied for statutory PTD compensation under R.C. 4123.58(C) due to the loss of his left foot and left leg by amputation and on the authority of the Ohio Supreme Court's decision in Thomas.
 {¶ 15} 4. By tentative order mailed June 25, 2003, the staff hearing officer ("SHO") awarded statutory PTD compensation to claimant pursuant to R.C. 4123.58(C) based upon relator's payment of compensation for loss of the left leg by amputation and the Supreme Court's decision in Thomas.
 {¶ 16} 5. The employer objected to the tentative order.
 {¶ 17} 6. A hearing was held on August 13, 2003, and resulted in an order by an SHO granting statutory PTD compensation to claimant as follows:
It is the order of the Staff Hearing Officer that Statutory Permanent and Total Disability Compensation is to be paid to the injured worker from 02/18/2001. Such Statutory Permanent and Total Disability Compensation is to be paid regardless of whether the injured worker ever returns to, or has previously returned to, engaging in any kind of work. Further, payment of such compensation is to [be] made less the amount of payment of any compensation that would be found to be prohibited with the concurrent payment of Statutory Permanent and Total Disability Compensation over the above ordered payment period. In no event is Statutory Permanent and Total Disability Compensation to be paid for a period in excess of two years prior to the 02/18/2003 filing date of the motion requesting payment of Statutory Permanent and Total Disability Compensation pursuant [to] R.C.4123.58(C).
All relevant information on file has been reviewed. For purposes of the current determination, it is noted that this injured worker was seriously injured in an explosion at work on 10/15/1998. Among multiple conditions allowed, this claim has particularly been recognized for an above the knee amputation of the left leg. Further, the injured worker has been awarded a loss by amputation award for the entire left leg, with this constituting 200 weeks of compensation. Pursuant to the case ofState, ex rel. Thomas v. Indus. Comm. (2002), 97 Ohio St.3d 37, it is found that the loss of an entire extremity constitutes the loss of two or more members under R.C. 4123.58(C). Counsel for the employer argued at hearing that the instant claim was distinguishable from the facts in Thomas, in that in this claim the injured worker did not have any involvement of his left hip, whereas in Thomas, the injured worker did have involvement of his right shoulder. This asserted distinction is not found to be valid. It is found that the facts in this claim are legally indistinguishable from those in Thomas, and the granting of Statutory Permanent and Total Disability Compensation is found to be appropriate.
 {¶ 18} 7. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 19} The issue in this case is whether claimant's loss of his left foot and leg qualifies him for statutory PTD compensation under R.C. 4123.58(C) and the Supreme Court's holding in Thomas, upholding the decision of this court that the loss of a claimant's right arm entails separate entities of both hand and arm, thereby entitling claimant to statutory PTD compensation.
 {¶ 20} Relator urges this court to find that the Ohio Supreme Court incorrectly interpreted and applied R.C. 4123.58(C) in theThomas case. Relator asserts that application of Thomas to claimant's case results in an equal protection violation, that claimant has not really lost either his leg or the use of his leg inasmuch as he still has the majority of his thigh and because the decision in Thomas only addresses whether or not the hand and arm are separate entities under R.C. 4123.58(C) and not whether or not the foot and leg are also separate entities. Relator also, in its brief, challenges the constitutionality of R.C. 4123.58(C) and asserts that it is unconstitutional because it does not require a showing of an inability to work in contravention of the purpose of compensating for the loss of earnings. For the reasons that follow, this magistrate recommends that the court deny relator's request for a writ of mandamus.
 {¶ 21} R.C. 4123.58(C) provides as follows:
The loss or loss of use of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof, constitutes total and permanent disability, to be compensated according to this section. Compensation payable under this section for permanent total disability is in addition to benefits payable under division (B) of section 4123.57 of the Revised Code.
 {¶ 22} In the present case, if relator is correct and the word "leg" includes the foot, for purposes of the application of R.C. 4123.58(C), then presumably the loss of a leg cannot be combined with the loss of the foot on the same limb to obtain statutory PTD compensation because the foot would necessarily be counted twice. However, if the word "leg" does not include the foot, then presumably the loss of a leg could be combined with the loss of a foot to obtain statutory PTD compensation because the foot would not be counted twice. This is similar to the situation raised in Thomas wherein the court had to determine whether or not, for purposes of the applicability of R.C.4123.58(C), the word "arm" included the hand
 {¶ 23} Pursuant to R.C. 1.42, words of a statute "shall be read in context and construed according to the rules of grammar and common usage." Furthermore, courts must give effect to all words in a statute. Bryan v. Hudson (1997), 77 Ohio St.3d 376. Unless there is ambiguity in a statute, legislative intent must be determined from the language of the statute. Id.
 {¶ 24} Relator contends that the court has already determined that the word "leg" includes the foot and cites State ex rel.Cook v. Zimpher (1985), 17 Ohio St.3d 236. In Cook, the court was faced with the challenge of determining the meaning of the word "leg" as it was used in former R.C. 4123.57(C), now 4123.57(B), which provides for scheduled loss awards of partial disability compensation. In Cook, the claimant sought consecutive benefits for loss of a foot and a leg under former R.C. 4123.57(C). Claimant had previously received 150 weeks of compensation for loss of his foot and thereafter he sought an additional 200 weeks of compensation for loss of his leg. The commission granted compensation for loss of the leg, but set out the compensation previously received for loss of the foot so that claimant was awarded 50 weeks of additional compensation. InCook, the claimant argued that the term "leg" as used in former R.C. 4123.57(C), means that portion of the lower extremity between the knee and ankle. The Cook court determined that the word "leg," in common usage, usually refers to one of the two lower limbs. Furthermore, the court noted that the statutory scheme of former R.C. 4123.57(C) progressed from the smallest award for loss of a toe, to a larger award for the loss of the entire foot, to the largest award for the loss of a leg.
 {¶ 25} The Cook court ultimately held that the schedule of awards are cumulative and not consecutive. Thus, the maximum amount of compensation that can be obtained under former R.C.4123.57(C) for the loss of the lower limb, including its parts, is that benefit for loss of the leg. I.e., 200 weeks.
 {¶ 26} In Thomas, supra, the magistrate specifically noted that one cannot simply presume that the word "arm" in R.C.4123.58(C) has precisely the same meaning as it has in former R.C. 4123.57(C). Likewise, one cannot simply presume that the word "leg" in R.C. 4123.58(C) has precisely the same meaning as it has in current R.C. 4123.57(B). Courts have recognized that a word can be subject to different interpre-tations depending on the context in which the word appears. State ex rel. Kaska v.Indus. Comm. (1992), 63 Ohio St.3d 743 (the word "permanent" has different meanings in workers' compensation law). As the court inKaska noted, workers' compensation law uses specialized terms of art whose meanings can vary depending upon the context. Id. at 745.
 {¶ 27} Just at the court determined in Thomas, that regardless of how the word "arm" is defined in the context of former R.C. 4123.57(C), or in current R.C. 4123.57(B), the word "arm" must be interpreted to give it full effect in R.C.4123.58(C), even if this means that the word takes on different meanings as it relates to each statute. Likewise, regardless of how the word "leg" is defined in the context of former R.C.4123.57(C), or current R.C. 4123.57(B), the word "leg" must be interpreted to give it full effect in R.C. 4123.58(C), even if this means that the word takes on different meanings as to each statute.
The magistrate notes the following definitions of the word "leg":
* * * [O]ne of the appendages of an animal that are used chiefly in supporting the body and in moving from point to point esp[ecially] by walking: as a (1): one of the paired limbs of a vertebrate so used * * * (2): the part of such a limb between the knee and the foot — distinguished from thigh[.] * * *
(Emphasis sic.) Webster's Third New International Dictionary (1966) 1289-1290.
* * * [A] limb of an animal used esp[ecially] for supporting the body and for walking: as a: the part of the vertebrate limb between the knee and foot[.] * * *
(Emphasis sic.) Merriam-Webster Inc., Ninth New Collegiate Dictionary (1987) 682.
* * * 1.a. A limb or an appendage of an animal, used for locomotion or support. b. One of the lower or hind limbs on human beings and primates. c. The part of the limb between and knee and foot in vertebrates. * * *
(Emphasis sic.) Houghton Mifflin Company, The American Heritage College Dictionary (3 Ed. 1997) 774.
 {¶ 28} As can be seen from the above-quoted definitions, defining the word "leg" as that portion of the lower limb specifically between the knee and foot is within the primary definition of the word "leg." Therefore, just as the court inThomas concluded that the "arm" and "hand" constituted two separate body parts for purposes of the applicability of R.C.4123.58(C), this magistrate likewise concludes that the definitions of "leg" and "foot" constitute separate entities for purposes of applicability of R.C. 4123.58(C).
 {¶ 29} Although relator urges this court to find that the Ohio Supreme Court erred in its decision in Thomas, this magistrate specifically notes that the doctrine of stare decisis applies. As the court noted in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, at ¶ 1:
Stare decisis is the bedrock of the American judicial system. Well-reasoned opinions become controlling precedent, thus creating stability and predictability in our legal system. It is only with great solemnity and with the assurance that the newly chosen course for the law is a significant improvement over the current course that we should depart from precedent.
 {¶ 30} In Westfield Ins. Co., the court articulated a three-part test to ensure that deviation from the doctrine of stare decisis is limited to rate cases only:
A prior decision of the Supreme Court may be overruled where (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it.
Paragraph one of the syllabus.
 {¶ 31} This magistrate specifically finds that none of the requirements set out by the court in Westfield Ins. Co. are met in the present case. Contrary to relator's assertions, this magistrate disagrees that Thomas was wrongly decided at the time or that changes in circumstances no longer justify continued adherence to the decision. Furthermore, the decision in Thomas
does not defy practical workability nor would abandoning the precedent create an undue hardship for those who have relied upon it. As such, the test is not met and this court should not deviate from the rule of law set out in Thomas.
 {¶ 32} Relator's equal protection argument fails as well. Relator appears to argue that Thomas arbitrarily treats claimants with below the knee amputations and above the knee amputations differently in violation of the constitutional guarantee of equal protection. However, this magistrate first notes that relator lacks standing to raise an equal protection argument on behalf of those injured workers who have below the knee amputations. Secondly, the equal protection guarantee only apply to similarly situated parties. Obviously, a claimant with an above the knee amputation and a claimant with a below the knee amputation are not similarly situated. Third, relator's assertion that claimant actually did not loose his left leg is contradicted by the fact that claimant has been paid 200 weeks of PTD compensation for the loss of his entire leg.
 {¶ 33} Lastly, relator argues that R.C. 4123.58(C) is unconstitutional. In Cicco v. Stockmaster (2000),89 Ohio St.3d 95, the Supreme Court of Ohio considered the applicability of R.C. 2721.22's requirement that the attorney general be served a copy of the proceedings whenever a party challenges the constitutionality of a statute. In Cicco, the plaintiffs challenged the constitutionality of R.C. 3937.44 and3937.18(A)(2), for the first time, in their motion for summary judgment. The court held:
* * * [A] petitioning party seeking a court declaration that a statute is unconstitutional must assert the claim in a complaint or other initial pleading, or an amended complaint or amended initial pleading. The issue is not properly put before a court in a motion for summary judgment. If the constitutionality of a statute arises at a point later in the proceeding, the party seeking such a declaration must amend the complaint (or other initial pleading) to properly plead the claim and identify all interested parties.
Id. at 99.
 {¶ 34} As such, this court lacks jurisdiction to determine this issue.
 {¶ 35} Because this magistrate finds that the court properly construed R.C. 4123.58(C) and gave full effect and meaning to each of the words in the statute when the Thomas case was decided, this magistrate concludes that relator has not demonstrated that the commission abused its discretion in applying Thomas to find that claimant is entitled to a statutory award of PTD compensation. Likewise, this magistrate finds that relator's arguments urging this court to decline to follow the Ohio Supreme Court's rule of law in Thomas, are not well-founded and that relator's equal protection challenge fails as well. furthermore, relator's challenge concerning the constitutionality of R.C. 4123.58(C) is not properly before this court. As such, based on the foregoing, it is this magistrate's decision that this court deny relator's request for a writ of mandamus.
 /s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE