OPINION
{¶ 1} Defendants-appellants, OhioHealth Corporation and OhioHealth Group, LLC, appeal from a decision of the Franklin County Court of Common Pleas denying appellants' motion to strike, on the basis of alleged attorney-client privilege, certain information from the complaint filed by plaintiff-appellee, Barry J. Shaffer, Sr., and denying appellants' motion for a protective order prohibiting appellee from discovering or divulging additional materials allegedly protected by the attorney-client privilege.
 {¶ 2} The underlying action in this matter was brought by appellee, a former president and chief operating officer of OhioHealth Group. During the course of his employment, appellee sought a legal opinion from counsel for the company regarding the legality of certain proposed contracts involving the company. Appellee also allegedly inquired of company counsel whether there was potential for personal liability on his part. Based upon the legal opinion thus obtained, appellee urged a course of action with which the board of directors of OhioHealth Group disagreed. Shortly thereafter, appellee's employment was terminated. Appellee retained copies or originals of the legal opinions and communications rendered by counsel, and it is these documents that are the object of the present case.
 {¶ 3} Appellee commenced the present matter as an action for unlawful termination under Ohio's whistleblower statute, R.C. 4113.52, seeking reinstatement and back pay. Appellee's complaint also asserts a claim for wrongful termination in violation of public policy. The complaint, in very general terms, refers to the content of legal opinions obtained by appellee in the course of his employment that caused him to believe his employer was about to embark on an illegal course of conduct and led to his disagreements with the board of directors and ultimately his termination. Appellants moved for an order striking those paragraphs of appellee's complaint referring to the opinions or statements of legal counsel for OhioHealth Group provided to appellee in the course of his employment, and for a protective order against discovery of any further such materials. In addition, appellants sought to prevent appellee from divulging or otherwise using any information already in his possession that was covered by the attorney-client privilege between OhioHealth Group and its legal counsel.
 {¶ 4} The trial court rendered a decision denying appellants' motion to strike and motion for a protective order. In so holding, the trial court stated that the materials in question were not protected by privilege: "* * * [t]he attorney-client privilege does not extend to clients who voluntarily divulge privileged information nor does the attorney client privilege extend to employees of a client. Therefore, Plaintiff[']s sharing information that is in his possession with regard to any communications between Defendant and its attorneys does not violate the attorney-client privilege." (Decision at 2.)
 {¶ 5} Appellants have timely appealed and bring the following assignment of error:
The trial court erred by denying Defendants-Appellants OhioHealth Corporation and OhioHealth Group, LLC's (collectively referred to as "Ohio Health") Motion To Strike From Plaintiff's Complaint Any Attorney-Client Privileged Information And For A Protective Order.
 {¶ 6} Generally, evidentiary rulings are reviewed on appeal under an abuse-of-discretion standard. State v. Joseph (1995), 73 Ohio St.3d 450,460. This is certainly the appropriate standard when reviewing the trial court's weighing of the facts concerning the admission or exclusion of evidence and the application of the law to those facts; however, where the trial court has misstated the law or applied the incorrect law, giving rise to a purely legal question, our review is de novo. Ohio StateBd. of Pharmacy v. Dick's Pharmacy, Franklin App. No. 02AP-241, 2002-Ohio-6500; Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership
(1992), 78 Ohio App.3d 340, 346. We will apply these differing standards to various aspects of the present matter as appropriate. We will also approach the matter with full awareness that, while certain discovery rulings such as the one before us have been held to constitute final appealable orders and give rise to an interlocutory appeal under R.C.2505.02(B), there is cause for caution and restraint when addressing such matters in the appellate context. We are hesitant, to say the least, to put this court in the position of managing discovery in the place of the trial court. This is a domain where the trial court traditionally and justifiably exercises a wide degree of discretion based on its superior familiarity with all aspects of the case and inherent need to manage the proceedings before it, and we accordingly will limit our determinations to questions that can be adequately circumscribed for appellate review, without unduly fettering the trial court's ability to deal with future evolution of the case.
 {¶ 7} "The attorney-client privilege exempts from the discovery process certain communications between attorneys and their clients. The privilege has long been recognized by the courts * * *." Boone v. VanlinerIns. Co. (2001), 91 Ohio St.3d 209, 210, fn. 2. "`Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" Id., quoting Upjohn Co. v. UnitedStates (1981), 449 U.S. 383, 389, 101 S.Ct. 677.
 {¶ 8} The burden of proof rests with the party asserting the existence of privilege:
It is well-settled that the burden of showing that testimony sought to be excluded under the doctrine of privileged attorney-client communications rests upon the party seeking to exclude it.
Waldmann v. Waldmann (1976), 48 Ohio St.2d 176, 178; see, also, Lemleyv. Kaiser (1983), 6 Ohio St.3d 258.
 {¶ 9} In Ohio, the attorney-client privilege is statutorily governed by R.C. 2317.02, and its application to corporations is governed by R.C. 2317.021:
As used in division (A) of section 2317.02 of the Revised Code:
"Client" means a person, firm, partnership, corporation, or other association that, directly or through any representative, consults an attorney for the purpose of retaining the attorney or securing legal service or advice from him in his professional capacity, or consults an attorney employee for legal service or advice, and who communicates, either directly or through an agent, employee, or other representative, with such attorney; and includes an incompetent whose guardian so consults the attorney in behalf of the incompetent.
Where a corporation or association is a client having the privilege and it has been dissolved, the privilege shall extend to the last board of directors, their successors or assigns, or to the trustees, their successors or assigns.
This section shall be construed as in addition to, and not in limitation of, other laws affording protection to communications under the attorney-client privilege.
 {¶ 10} It is well-settled that the holder of the privilege is the client and not the attorney, and only the client has the right to invoke and waive the privilege. Boone at 213; King v. Barrett (1860),11 Ohio St. 261; Frank W. Schaefer, Inc. v. C. Garfield Mitchell Agency,Inc. (1992), 82 Ohio App.3d 322, 329. R.C. 2317.021 extends attorney-client privilege to firms, partnerships, or corporations as clients. Because that section defines a client as a corporation that "communicates, either directly or through an agent, employee, or other representative, with" an attorney, the statute acknowledges that corporations or companies, as legal entities, can only communicate with counsel through their employees or agents. While the issue has never been directly addressed in Ohio, it can safely be said that, in cases where a corporation, partnership, or other collective entity is the client, the attorney-client privilege belongs to the company and not to its employees outside of their employment capacity. Commodity Futures Trading Com'n v.Weintraub (1985), 471 U.S. 343, 348, 105 S.Ct. 1986. Current corporate executives and managers, if endowed with appropriate authority by their employer, may on behalf of the corporation either assert or waive the attorney-client privilege. That authority, however, ends with the termination of employment or other revocation of authority. CommodityFutures Trading Com'n at 349 ("when control of the corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well"). Again, authority precisely on point is lacking in Ohio, but is available from other jurisdictions: see, e.g., Lane v. Sharp Packaging Systems, Inc. (2002), 251 Wis.2d 68 (former company director could not waive privilege even with respect to documents prepared during his period of employment); U.S. v. Chen (C.A. 9, 1996),99 F.3d 1495, 1502.
 {¶ 11} We accordingly find that the trial court erred when it held that, as a matter of law, the attorney-client privilege did not extend to documents and communications in the possession of appellee and obtained during his employment with OhioHealth Group, where those materials were provided by company legal counsel, the company was the legal client, and appellee received such communications or documents in his capacity as an employee of the company. Our conclusion on this issue also mandates a finding that the trial court erred when it held that the information was voluntarily divulged by the company and thus not subject to privilege. There is no indication in the record that the employer intended to waive privilege simply by allowing a high-ranking employee to act as the agent of the company in relations with legal counsel; as R.C. 2317.02
acknowledges, a company can only communicate with counsel through agents or employees, and to hold that any such communication was voluntarily disclosed because an employee in the course of his duties necessarily became aware of the content of the communication would be to essentially eliminate the existence of attorney-client privilege for all collective entities, a result that the statute manifestly does not seek.
 {¶ 12} Having concluded that the trial court erred in finding that appellee, in his capacity as a former employee, held the attorney-client privilege on the grounds discussed above, we now turn to several additional theories presented by appellee in support of the trial court's ruling. These arguments are threefold: appellee asserts (1) that the matter falls within the crime-fraud exception to the attorney-client privilege; (2) that the matter falls within an exception to the attorney-client privilege explicitly created by the Ohio Supreme Court inBoone, supra; and (3) that he consulted corporate counsel on his own behalf seeking personal advice regarding his own legal liability for the corporation's contemplated illegal transactions or business conduct, and that the products of this personal consultation are his own for purposes of invoking or waiving privilege.
 {¶ 13} While these arguments have been quite comprehensively briefed upon appeal, it is clear from the record that they were not raised before the trial court, nor considered by the court in addressing appellants' motion to strike and motion for a protective order. Without passing upon the ultimate merits of these issues, it is clear that it would be premature to consider them at this stage of the proceedings, in accordance with the rule that arguments not raised in the trial court may not be presented for the first time on appeal. Miller v. Wikel Mfg. Co.,Inc. (1989), 46 Ohio St.3d 76, 78; Phillips v. Capots (Sept. 22, 1994), Franklin App. No. 94AP-499.
 {¶ 14} We are accordingly unable to make a blanket determination, particularly in the absence of full development of the relevant facts before the trial court and a full examination of those facts by the trial court, regarding the applicability of privilege on the bases argued by appellee. Bearing in mind that on predominantly factual questions such as this, an evidentiary ruling by the trial court will be reviewed on an abuse of discretion basis, we are unwilling to find an abuse of discretion where no discretion has been exercised by the trial court.
 {¶ 15} In summary, we find that the trial court erred in determining that appellee, rather than his former employers, owned the attorney-client privilege with respect to communications with, and documents produced by, company counsel. The decision of the trial court overruling appellants' motion to strike and motion for a protective order is reversed, albeit without prejudice to further determinations granting or denying comparable motions by either party on such other grounds as the evolution of the case may cause to be considered.
 {¶ 16} Accordingly, appellants' sole assignment is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.
Judgment reversed and cause remanded.
Watson and Sadler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.