DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Plaintiff-Appellant Mollie Chambers as Administratrix of the Estate of Charles Kraven has appealed from the decision of the Lorain County Court of Common Pleas that denied her motion to exclude expert testimony. This Court dismisses the appeal.
 I {¶ 2} On June 25, 2003, Plaintiff-Appellant Mollie Chambers as Administratrix of the Estate of Charles Kraven filed a complaint against AKAAS Corp., Inc., Dr. Braimah Saaka, and Visiting Nurse Association of Cleveland alleging negligent medical care and treatment of the deceased. On May 4, 2005, Appellant dismissed her complaint against AKAAS Corp., Inc. and Dr. Braimah Saaka. The complaint against Visiting Nurse Association of Cleveland ("VNA") remained.
 {¶ 3} On July 21, 2005, Appellant filed a motion to exclude the testimony of VNA's medical expert, Dr. George Anton. A hearing was held on the matter and on August 18, 2005 the trial court denied Appellant's motion to exclude the testimony.
 {¶ 4} Appellant has timely appealed, asserting one assignment of error for review.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY DENYING PLAINTIFF-APPELLANT'S MOTION TO EXCLUDE GEORGE ANTON, M.D. AS DEFENSE EXPERT."
 {¶ 5} In her sole assignment of error, Appellant has argued that the trial court erred in denying her motion to exclude the testimony of Dr. Anton. Specifically, Appellant has argued that said testimony will violate the doctor-patient privilege.
 {¶ 6} Orders regarding discovery are considered interlocutory and not immediately appealable. See Walters v. Enrichment Ctr.Of Wishing Well, Inc. (1997), 78 Ohio St.3d 118, 120-121. As Appellant has argued, the Ohio Revised Code has created several exceptions to the general rule. See R.C. 2505.02(B). However, we find that R.C. 2505.02(B) does not apply in this matter.
 {¶ 7} Pursuant to R.C. 2505.02(B):
"An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"* * *
"(4) An order that grants or denies a provisional remedy and to which both of the following apply:
"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C.2505.02(B)(4).
 {¶ 8} The statute defines a "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence[.]" R.C.2505.02(A)(3). While we find that the matter at hand falls into the statutory definition of "provisional remedy", we find that subsection (a) has not been satisfied. We cannot find that Appellant has been prevented a judgment in the action in her favor with respect to the provisional remedy. R.C.2505.02(B)(4)(a).
 {¶ 9} Appellant has not appealed from the denial of protection of specific, actual privileged information that if provided would result in the disclosure of potentially privileged material. Rather the trial court denied Appellant's motion to exclude Dr. Anton from testifying as an expert. He was not listed as a witness who treated the deceased and there is no evidence that he was called to testify about the decedent's specific medical history or records. Based on the foregoing, we find that Appellant's appeal is premature. Moreover, the trial court's ruling on Appellant's motion in limine is only a preliminary ruling. Any objection to the denial of a motion in limine must be renewed once the evidentiary issue is presented during trial in order to properly preserve the question for appeal. State v.Hill (1996), 75 Ohio St.3d 195, 202-203, citing State v. Brown
(1988), 38 Ohio St.3d 305, paragraph three of the syllabus. Therefore, if Dr. Anton is asked any questions that Appellant believes violate an alleged privilege Appellant can object and the trial court will rule on the objections. Accordingly, we find that we lack jurisdiction to hear the instant appeal. III
 {¶ 10} The instant appeal is dismissed for lack of jurisdiction. Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J., Boyle, J., Concur.