OPINION
{¶ 1} This is an appeal from the denial of a motion for a protection order pursuant to Civ.R.26 to limit pre-trial discovery of attorney-client communications.
 STATEMENT OF THE FACTS {¶ 2} The following facts are pertinent to this appeal:
 {¶ 3} Appellant, Mary Jo Shannon Slick is employed as an attorney by the Stark County Educational Services Center. Her duties as counsel for the Center include, acting as legal counsel for the Perry Local School District Board of Education and the Stark Area Vocational School District Board of Education.
 {¶ 4} Appellant, John Richard is the Perry Local School District Superintendent.
 {¶ 5} Appellee, David Riggs is a teacher and past wrestling coach in the Perry Local school system.
 {¶ 6} On November 3, 2005, Appellee, David Riggs filed a complaint against Appellant, John Richard. On June 2, 2006, by leave of court, Appellee amended the complaint to include Appellant, Mary Jo Shannon Slick, Esq.
 {¶ 7} Both the original and amended complaints set forth causes of action for defamation and civil conspiracy. The claims in the complaint arise from actions allegedly taken by Attorney Slick as counsel for the Perry Local School District Board of Education and the Stark Area Vocational School District Board of Education and involving Perry Superintendent, John Richard. Essentially, Appellee accuses Attorney Slick of maliciously making false statements and providing false documents to the Perry Local School Board of Education and the Stark Area Vocational School District Board of Education in order to purposefully injure the reputation and employment opportunities of Appellee.
 {¶ 8} On July 18, 2006, Appellee filed a Notice of Deposition for Attorney Slick. On August 1, 2006, Attorney Slick filed a motion for a protection order thereby moving the trial court to limit the scope of the pre-trial discovery deposition to communications not protected by attorney-client privilege. On August 4, 2006, Appellee moved the court to deny the protection order, arguing that the privilege between Attorney Slick and her clients had been waived and, that the existence of fraudulent, tortuous, conspiratorial conduct by Attorney Slick, John Richard and the boards of education acted to exempt the communications from attorney-client privilege protection.
 {¶ 9} On August 10, 2006, the trial court summarily denied Attorney Slicks motion for a protective order stating in pertinent part as follows:
 {¶ 10} "Defendants move the Court for a protective order limiting inquiry at the deposition of Attorney Mary Jo Slick to matters not covered by attorney-client privilege. Upon review, the Court finds Defendant's Motion for Protective Order not well taken and denies same."
 {¶ 11} It is from this judgment entry that Appellants, Attorney Mary Jo Shannon Slick and Superintendent John Richard seek to appeal.
 {¶ 12} An Amicus Brief in support of Appellants, has been filed by the Ohio School Boards Association, the Stark County Educational Services Center Governing Board, the Alliance City School District Board of Education, the Canton City School District Board of Education, Fairless Local School District Board of Education, Jackson Local School District Board of Education, Lake Local School District Board of Education, Louisville City School District Board of Education, Marlington Local School District Board of Education, Massillon City School District Board of Education, Minerva Local School District Board of Education, North Canton City School District Board of Education, Northwest Local School District Board of Education, Osnaburg Local School District Board of Education, Perry Local School District Board of Education, Plain Local School District Board of Education, Stark County Area Vocational School Center Board of Education, Sandy Valley Local School District Board of Education, and Tuslaw Local School District Board of Education.
 ASSIGNMENT OF ERROR {¶ 13} "THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANTS' MOTION FOR A PROTECTIVE ORDER BECAUSE THE ATTORNEY-CLIENT PRIVILEGE BETWEEN DEFENDANT-APPELLANT SLICK AND EACH OF HER CLIENTS (THE PERRY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION AND THE STARK AREA VACATIONAL SCHOOL DISTRICT BOARD OF EDUCATION) HAS NOT BEEN WAIVED."
 {¶ 14} The issue before this Court is whether the trial court abused its discretion by denying Appellants' motion for a protective order. Specifically, whether the trial court abused its discretion by refusing to limit the scope of the pre-trial discovery deposition of Attorney Slick to communications which fall outside attorney-client privilege protection.
 {¶ 15} Upon review of the pre-trial discovery order, this Court is mindful that a trial court has the inherent power to conduct discovery as it deems appropriate, and its decision to grant or deny a protective order under Civil Rule 26(C) will not be disturbed absent an abuse of discretion. Ruwe v. Board of Springfield Twp. Trustees (1987),29 Ohio St.3d 59. Pretrial discovery orders pertaining to the issue of privilege are likewise reviewed for an abuse of discretion. Abbuhl v. OrangeVillage, Cuyahoga App. No. 82203, 2003-Ohio-4662, citing Radovanic v.Cossler (2000), 140 Ohio App.3d 208, 213, 746 N.E.2d 1184. A trial court abuses its discretion when its decision is unreasonable, arbitrary or unconscionable. State, ex. rel. Cook, v. Zimpher (1985),17 Ohio St.3d 236, 240, 479 N.E.2d 263, 266; State v. Maurer (1984),15 Ohio St.3d 239, 250, 15 OBR 379, 389, 473 N.E.2d 768, 780; Ojalvo v. Bd. ofTrustees of Ohio State Univ. (1984), 12 Ohio St.3d 230, 232,466 N.E.2d 875, 877; See also, Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 16} Civ. R. 26(C), governs the issuance of protective orders, stating as follows:
 {¶ 17} "Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court."
 {¶ 18} Revised Code § 2317.02(A) sets forth an attorney-client privilege which not only acts to prohibit trial testimony but also protects sought after communications during the discovery process.Jackson v. Greger, 110 Ohio St.3d 488, 2006-Ohio-4968, 854 N.E.2d 487. The statutory privilege governs communications directly between an attorney and a client. See, State v. McDermott (1995),72 Ohio St.3d 570, 573-574, 651 N.E.2d 985. Specifically, R.C. § 2317.02(A) states that the attorney-client privilege may only be waived by express consent or when a client voluntarily testifies on the subject sought to be disclosed. State v McDermott (1995), 72 Ohio St.3d 570, 651 N.E.2d 985, syllabus, See also, Jackson v Gregor, Supra. Furthermore, the content of attorney-client communications may be found to be exempt from privilege protection if the sought after attorney-client communications were intended to further continuing or future criminal or fraudulent activity. State ex rel. Nix v. Cleveland (1998), 83 Ohio St.3d 379, 383,700 N.E.2d 12: United States v. Collis (C.A.6, 1997), 128 F.3d 313, 321;United States v Edwards, 303 F.3d 606, 618 (5th Cir. 2002).
 {¶ 19} In this case, it appears that both parties agree that an attorney-client relationship exists with regard to certain matters sought in Appellant's deposition.
 {¶ 20} Appellants argue "Plaintiff-appellee's intention to question Attorney Shannon Slick (and Mr. Morgan) at deposition about privileged conversations is evident from the transcripts of deposition testimony taken prior to the filing of the amended complaint." Appellant's Brief at 4, (Emphasis added). The amicus brief filed in support of appellant's position similarly argues, "Counsel for Plaintiff-appelleemay, as they have indicated, inquire into the substance of attorney-client communication . . . " Amicus Brief at 6. (Emphasis added). Appellant's anticipation lead to the preemptory filing of their motion for a protection order prior to the actual taking of the depositions.
 {¶ 21} Generally, under Ohio law, discovery orders by a trial court do not constitute final, appealable orders. In the case of an order compelling the production of material allegedly protected by attorney-client privilege, however, an interlocutory appeal will lie.Miles-McClellan Construction Co. Inc. v. The Board of EducationWesterville City School Board, 2006-Ohio-3439, citing Shaffer v. OhioHealth Corp., Franklin App. No. 03 AP-102 2004-Ohio-63, at paragraph 6. However, we find whether or not the matters anticipated to be sought by Appellee would violate the attorney-client privilege is not sufficiently developed by the record in its present state. Answers given by Attorney Shannon Slick or Mr. Morgan to questions posed may not necessarily involve nor require disclosure of privileged matters. To properly address whether the communications or material sought is subject to the attorney-client privilege, it is, at a minimum, necessary to ask the questions first and for the privilege rule to be invoked. After such has occurred, the trial court then can, at hearing, determine if, in fact, privileged matters may be disclosed. See Buffmyer v. Cavalier, Ashland App. No. 03COA067, 2004-Ohio-3303. What information is being sought and whether it would be protected by the attorney-client privilege, whether it is subject to exception, or waived has not been sufficiently developed by the record in the case sub judice. For an analogous result, see State v. South, 2004-Ohio-5073. We are unable to make a blanket determination, particularly in the absence of full development of the not yet taken deposition. The trial court should be afforded an opportunity for consideration after the record at deposition is established, and to effectively review the applicability of the privilege on the basis argued by the parties. See Shaffer, supra at paragraph 14.
 {¶ 22} We find it premature for either the trial court or this Court to rule on the availability of the privilege at this stage of the proceeding. After deposition, the trial court is free to reconsider and/or modify its order. As such, we find the entry presently under review is interlocutory in the fullest sense and does not yet present this Court with a final appealable order.
 {¶ 23} Accordingly, we dismiss appellants' appeal for lack of jurisdiction. By:
Boggins, J., Hoffman, P.J., Farmer, J., concur
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion on file, this appeal is dismissed. Costs assessed to appellant.