OPINION *Page 2 
{¶ 1} Plaintiff-Appellant, Sharla A. Culbertson appeals the trial court's affirmance of the Magistrate's Decision to grant a Motion for Protective Order filed by the guardian ad litem.
 {¶ 2} Appellant filed a complaint for divorce against Appellee, James M. Culbertson, on May 15, 2006. During the pendency of the action, the couple's minor son was killed in an automobile accident allegedly caused by the negligence of Appellee's sister. The child was visiting Appellee at the time of the accident. The Magistrate then appointed a guardian ad litem for the parties' minor daughter.
 {¶ 3} On December 22, 2006, the Magistrate issued an order modifying the temporary parenting schedule. The guardian ad litem filed a Motion to Show Cause against Appellant for her failure to pay her share of the guardian ad litem fees. It appears from the record that the Magistrate scheduled a Settlement Conference/Status Conference/Show Cause Hearing to be held on February 28, 2007. At the hearing, both parties were present with their attorneys. The guardian ad litem presented her report. Based upon her report, the Magistrate issued an order on March 5, 2007 that modified the parenting schedule to allow Appellee more visitation with his daughter. The Magistrate set the trial and contempt hearing for April 30, 2007.
 {¶ 4} Based upon the guardian ad litem's report and the Magistrate's modification to the temporary orders, Appellant served a request for discovery upon the guardian ad litem. The guardian ad litem filed a Motion for Protective Order on May 9, 2007. The Magistrate granted the Motion for Protective Order. Appellant filed objections to the Magistrate's order. The trial court interpreted the Plaintiff's objections *Page 3 
as a Motion to Set Aside the Order. The trial court found the Magistrate's decision was not an abuse of discretion and therefore denied Appellant's objections. The trial court stated that its decision was a final, appealable order. It is from this decision Appellant now appeals.
 {¶ 5} Appellant raises one Assignment of Error:
 {¶ 6} "THE TRIAL COURT ERRED IN ISSUING A PROTECTIVE ORDER WITHOUT MAKING AN INDEPENDENT DETERMINATION OF GOOD AND WHERE THE SUBJECT MATTER OF THE DISCOVERY REQUEST WAS RELEVANT TO THE IMMEDIATE ACTION, DID NOT REQUEST PRIVILEGED INFORMATION, AND WAS NOT GOVERNED BY THE ATTORNEY WORK PRODUCT DOCTRINE."
 {¶ 7} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 8} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 9} This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 10} Before addressing the merits of the case, we must first determine whether the granting of a protective order is a final, appealable order. Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not *Page 4 
final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 11} Generally, under Ohio law, discovery orders by a trial court do not constitute final, appealable orders. Riggs v. Richard, 5th Dist. No. 2006CA00234, 2007-Ohio-490, at ¶ 21 citingMiles-McClellan Construction Co. Inc. v. The Board of EducationWesterville City School Board, 2006-Ohio-3439. In the case of discovery of a privileged matter, however, an interlocutory appeal will lie. Id.
 {¶ 12} Appellant argues this Court has jurisdiction to review this matter pursuant to R.C. 2505.02(A)(3) and (B)(4). The relevant portion of R.C. 2505.02(B) defines final orders as follows:
 {¶ 13} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: * * *
 {¶ 14} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 15} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 16} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. * * *"
 {¶ 17} A "`[p]rovisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant *Page 5 
to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code. R.C.2505.02(A)(3).
 {¶ 18} Upon review of the record, we find the requested discovery and the guardian ad litem's Motion for Protective Order do not implicate any privileged matter such as attorney-client privilege or attorney work product. The Magistrate appointed the guardian ad litem in this case to serve as the guardian ad litem for the parties' daughter, not to serve as the attorney for the daughter. As this matter deals with a discovery issue that does not involve any components of R.C. 2505.02(A)(3), we find the trial court's affirmance of the Magistrate's order granting the Motion for Protective Order is not a final, appealable order pursuant to R.C. 2505.02.
 {¶ 19} Because there is no final appealable order, the appeal of the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division is hereby dismissed.
Delaney, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division is dismissed. Costs assessed to appellant. *Page 1