OPINION
{¶ 1} Plaintiff-appellant, Jeffrey Allen Briggs, M.D. ("appellant"), appeals from the decision and entry of the Franklin County Court of Common Pleas denying his motion to compel discovery.
 {¶ 2} Appellant commenced this action against Mount Carmel Health System, Trinity Health System, and John Does One through Five on February 14, 2006. Thereafter, pursuant to Civ.R. 41(A)(1)(a), appellant dismissed all claims against Mount *Page 2 
Carmel Health System and Trinity Health System, and filed an amended complaint against St. Ann's Hospital of Columbus, Inc. ("St. Ann's"). This matter arose after St. Ann's terminated appellant's medical staff privileges at the hospital. Appellant's complaint asserts violations of R.C. 3701.351, violations of procedural due process, fraud, and defamation.
 {¶ 3} On January 19, 2007, appellant moved the trial court to compel discovery and order St. Ann's to answer certain discovery requests, including those seeking the production of the health care peer review records of the committee involved in appellant's termination of medical staff privileges. St. Ann's opposed appellant's motion arguing that the peer review records are privileged and confidential pursuant to R.C.2305.252. On March 5, 2007, the trial court rendered a decision and entry denying appellant's motion to compel discovery, finding the information sought to be privileged and prohibited from disclosure pursuant to R.C. 2305.252.
 {¶ 4} It is from this decision that appellant appeals, and asserts the following single assignment of error:
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT INCORRECTLY INTERPRETED R.C. 2305.252 TO PREVENT APPELLANT FROM OBTAINING AND OFFERING EVIDENCE TO SUPPORT A CLAIM OF DUE PROCESS VIOLATIONS BY APPELLEE.
 {¶ 5} Before this court can reach the assignment of error presented, we must address whether appellant has appealed from a final appealable order.
 {¶ 6} The question of whether an order is final and appealable is jurisdictional and can be raised sua sponte by an appellate court.Chef Italiano Corp. v. Kent State *Page 3 Univ. (1989), 44 Ohio St.3d 86, 87; State ex rel. White v. CuyahogaMetro. Housing Auth. (1997), 79 Ohio St.3d 543, 544. Pursuant to Section3(B)(2), Article IV of the Ohio Constitution, this court's appellate jurisdiction is limited to the review of final orders of lower courts.
 {¶ 7} "* * * The entire concept of `final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." Noble v. Colwell, 44 Ohio St.3d 92, 94, quoting Lantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." State ex rel.Keith v. McMonagle, 103 Ohio St.3d 430, 2004-Ohio-5580, at ¶ 4, citingBell v. Horton (2001), 142 Ohio App.3d 694, 696. "A `final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v.United States (1945), 324 U.S. 229, 233, 65 S.Ct. 631.
 {¶ 8} The trial court's decision denying appellant's motion to compel states, "[p]ursuant to the language found in R.C. 2305.252, the Court deems this decision and entry to be a final order appealable by either Plaintiff or Defendant." (Mar. 5, 2007 Decision at 6.) R.C. 2305.252
provides for the confidentiality of proceedings and peer review records. The portion of R.C. 2305.252 to which the trial court refers, provides in relevant part:
 * * * An order by a court to produce for discovery or for use at trial the proceedings or records described in this section is a final order. *Page 4 
 {¶ 9} The record before us, however, does not reflect that the trial court ordered the production of peer review records for discovery or for use at trial. Rather, the trial court denied the motion to compel and found the sought information to be privileged. Because the trial court did not order the production of peer review records for discovery or for use at trial, R.C. 2305.252 is not implicated, and the trial court's order is not final and appealable pursuant to R.C. 2305.252. Gupta v.The Lima News (2001), 143 Ohio App.3d 300, 303 (the record was devoid of an order to produce peer review records, therefore, the trial court's order staying discovery pending an in-camera review was not a final appealable order pursuant to R.C. 2305.251, former R.C. 2305.252);Wall v. Permanente Med. Group (1997), 119 Ohio App.3d 654 (noting that the prior appeal of the trial court's ruling denying discovery pursuant to R.C. 2305.251 was dismissed for lack of a final appealable order).
 {¶ 10} We now must determine whether the trial court's order is a final appealable order pursuant to R.C. 2505.02, which provides in relevant part:
(A) As used in this section:
 (1) "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 (2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 (3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, *Page 5 
a prima-facie showing pursuant to section 2307.92
of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 * * *
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 * * *
 {¶ 11} A discovery order is generally not considered to be a final appealable order because any harm from erroneous discovery has been held to be correctable on appeal. Culbertson v. Culbertson, Delaware App. No. 07 CAF 06 0031, 2007-Ohio-4782; Miles-McClellan Construction Co. v. Bd.of Edn. Westerville City School Bd., Franklin App. No. 05AP-1112, 2006-Ohio-3439; DeAscentis v. Margello, Franklin App. No. 04AP-4,2005-Ohio-1520 at ¶ 27. However, this and other courts have held that if a judgment orders a party to disclose allegedly privileged material, it is final and appealable. See, e.g., Schottenstein, Zox Dunn v.McKibben, Franklin App. No. 01AP-1384, 2002-Ohio-5075 (the trial court's order allowing discovery of attorney's client file was final appealable *Page 6 
because no meaningful review would be possible once the information was disclosed); Cuervo v. Snell (Sept. 26, 2000), Franklin App. No. 99AP-1442 (the trial court's order to produce discovery potentially protected by the attorney-client privilege was final appealable because there was no adequate remedy on appeal); Gibson-Myers Assoc. v.Pearce (Oct. 27, 1999), Summit App. No. 19358 (the trial court's order permitting the discovery of trade secrets was final appealable because there would be no meaningful remedy on appeal). The rationale behind these cases is that by preventing the dissemination of protected materials, the quagmire of being unable to correct the error and provide an effective remedy on appeal, once privileged information is disclosed, is avoided. With this premise in mind, we turn to the application of R.C. 2505.02 to the matter at hand.
 {¶ 12} To satisfy R.C. 2505.02(B)(4) and constitute a final appealable order, an order must grant or deny a provisional remedy and both subsections (a) and (b) must apply. By statutory definition a provisional remedy includes discovery of a privileged matter. However, it is clear that appellant has not satisfied subsection (b) of R.C.2505.02(B)(4), as he has not demonstrated he would not be afforded a meaningful or effective remedy on appeal following a final judgment. Here, the trial court denied access to privileged documents, and any error in this regard can be remedied after final judgment. See King v.Am. Std. Ins. Co. of Ohio, Lucas App. No. L-06-1306, 2006-Ohio-5774 (the discovery order would be final appealable only if the trial court ordered disclosure of potentially privileged information); Chambers v.Akaas Corp., Inc., Lorain App. No. 05CA008791, 2006-Ohio-4156, discretionary appeal not allowed by 112 Ohio St.3d 1442, 2007-Ohio-152
(no final appealable order where the appellant had not *Page 7 
appealed from the denial of protection of actual privileged information that if provided would result in the disclosure of potentially privileged information); Williams v. Nationwide Mut. Ins. Co., Meigs App. No. 05CA15, 2005-Ohio-6798 (trial court's order denying access to claims file was not final appealable because the plaintiff could not demonstrate she would be denied meaningful review after judgment). Thus, even though the denial of the discovery of privileged materials is a provisional remedy under R.C. 2505.02(A)(3), appellant has not met the requirements of R.C. 2505.02(B)(4) and presented a final appealable order pursuant to that section.
 {¶ 13} Further, appellant has not demonstrated that denying access to the peer review records is a final appealable order under R.C.2505.02(B)(1). The trial court's discovery order does not determine the action, or prevent a judgment in either party's favor. Therefore, it is not a final appealable order under R.C. 2505.02(B)(1). SeeKing, supra.
 {¶ 14} The trial court's order denying appellant's motion to compel discovery does not meet the criteria set forth in R.C. 2505.02, to justify a departure from the general rule that such orders are not final and appealable. As such, we lack jurisdiction to review said order.
 {¶ 15} Because we lack jurisdiction to consider appellant's appeal on the basis that there is no final appealable order, appellant's appeal is hereby sua sponte dismissed.
Appeal sua sponte dismissed.
 SADLER, P.J., and BRYANT, J., concur. *Page 1