OPINION
{¶ 1} Defendant, third-party plaintiff-appellant, American Heritage Homes Corp., et al. (hereinafter "AHH"), appeals the judgment of the Logan County Court of Common Pleas granting plaintiff's oral motion to "compel production of work product and attorney client privilege documentation." For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} AHH constructed a residential home for Lisa Guider (hereinafter "Guider"). On January 9, 2006, Guider filed a complaint against AHH. Thereafter, AHH filed a counterclaim against Guider and a third-party complaint against other parties.
 {¶ 3} AHH retained Kurt Grashel, a home inspector, to serve as an expert witness. On July 26, 2007, Grashel was being deposed when it was discovered *Page 3 
that he had in his possession a copy of two of David Patterson's (counsel for AHH) comprehensive case analysis letters. (JE 8/7/07). AHH terminated the deposition and argued that the two aforementioned letters were attorney-client privileged communications and work product. The plaintiff made a motion to compel the production of the two documents. The trial court held an in camera hearing on the motion. On August 7, 2007, the trial court issued a judgment entry in which it found that "work product doctrine and attorney client privilege has been waived regarding only the subject two (2) letters, and furthermore the subject two (2) letters shall be disclosed for discovery purposes only." (JE 8/07/07).
 {¶ 4} It is from the trial court's judgment granting the motion to compel that AHH appeals asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR The trial court erred in its August 7, 2007 Judgment Entry by granting Plaintiffs' oral Motion to Compel Production of Work Product and Attorney Client Privilege Documentation.
 {¶ 5} In its sole assignment of error, AHH argues that the trial court should have applied the standard established by the Tenth District inMiles-McClellan Constr. Co. v. Westerville City Schools, 10th Dist. No. 05AP-1112, 2006-Ohio-3439, in determining whether privilege applies to an inadvertent disclosure of privileged documents. *Page 4 
 {¶ 6} Generally, discovery orders issued by the trial court are not final appealable orders. Riggs v. Richard, 5th Dist. No. 2006CA00234,2007-Ohio-490, ¶ 21. However, when the case involves discovery of a privileged matter an interlocutory appeal is available. Id., citingMiles-McClellan, 2006-Ohio-3439; Culbertson v. Culbertson, 5th Dist. No. 07 CAF 06 0031, 2007-Ohio-4782, ¶ 11. Since this case involves an appeal of a discovery issue of a privileged matter, it presents an appealable order.
 {¶ 7} First, we must determine whether the disclosure of the letters in question constituted an inadvertent disclosure. An inadvertence is defined as "[a]n accidental oversight; a result of carelessness." BLACK'S LAW DICTIONARY (7th Ed. Rev. 1999), 762.
 {¶ 8} The letters were sent to Erik Abrahamsen at Motorists Insurance Companies by Counsel Patterson with a carbon copy to Bill Krum, AHH's president. According to Grashel, Bill Krum then provided him the letters. (Grashel Depo. Vol.II at 61-63). The disclosure of the letters was inadvertent because Counsel Patterson did not intend the letters to be provided to Grashel.
 {¶ 9} Federal courts have generally taken three approaches to cases involving inadvertent disclosure. Draus v. Healthtrust, Inc.-theHospital Co. (S.D. Ind. 1997), 172 F.R.D. 384, 386-388. The first approach has "applied a test of strict accountability, holding that nearly any disclosure of the communication *Page 5 
waives the privilege." Id. at 387, citations omitted. In the second approach, "courts have held that unintentional disclosure cannot waive the privilege" because "a waiver of privilege must be intentional." Id. at 387, citations omitted. The third approach involves "deciding case-by-case whether the circumstances of the inadvertent disclosure warrant a finding that the privilege has been waived." Id., citations omitted. The courts taking the case-by-case approach,
 have generally considered five factors to be important in deciding whether the privilege has been waived as to a particular communication: (1) the reasonableness of the precautions taken to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the "overriding issue of fairness."
Id., citations omitted.
 {¶ 10} AHH relies on the Tenth District's decision inMiles-McClellan. In Miles-McClellan, the Tenth District applied the case-by-case approach, and held that the trial court must hold a hearing and consider the aforementioned five factors. Miles-McClellan, 2006-Ohio-3439, ¶ 16. Although we agree with the Tenth District that the case-by-case approach should be applied in the case of inadvertent disclosures, we find that the trial court may consider the five factors listed above but is not required to consider those factors.
 {¶ 11} In the present case, the trial court held an in camera review of the plaintiff's motion to compel the production of the two letters/documents; however, *Page 6 
no transcript was filed. Since we have no transcript of the proceedings, "we must presume regularity in the trial court's judgment."Flatt v. Atwood Manor Nursing Ctr., 3d Dist. No. 3-06-26,2007-Ohio-5387, ¶ 35, citing Lawless v. Kinsey (Sep.8, 1997), 3d Dist. No. 6-97-11, citing Chaney v. East (1994), 97 Ohio App.3d 431, 435, 646
N.E.2d 1138.
 {¶ 12} In addition, AHH did nothing to prevent the disclosure of the two letters and did nothing to remedy the disclosure. The letters in question were listed in Grashel's report dated July 23, 2007. (Grashel Depo. Ex.2). There is no indication that AHH filed a request for a protection order. In fact, AHH took no action until Grashel's deposition on July 26, 2007. Moreover, there is no indication that AHH requested the trial court to hold a hearing regarding the letters in question. The trial court did hold an in camera review, and on August 7, 2007, filed its judgment entry finding that the work product doctrine and attorney client privilege has been waived regarding the two letters. AHH did not request a stay of the trial court's judgment pending appeal.
 {¶ 13} Given the fact that we must presume the regularity of the trial court's proceedings and AHH did nothing to prevent the disclosure or to remedy the disclosure, we cannot find that the trial court erred in granting the motion to compel production of the two letters.
 {¶ 14} AHH's sole assignment of error is, therefore, overruled. *Page 7 
 {¶ 15} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J. and ROGERS, J., concur. *Page 1