[Cite as *Krueger v. Krueger*, 2022-Ohio-3782.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| COLEEN J. KRUEGER, | **CASE NOS. 2022-G-0022** |
| | **2022-G-0028** |
| Petitioner-Appellee, | |
| | Civil Appeals from the |
| - vs - | Court of Common Pleas |
| | |
| BRIAN J. KRUEGER, | |
| | Trial Court No. 2021 DK 000134 |
| Petitioner-Appellant. | |

# M E M O R A N D U M
# O P I N I O N

Decided: October 24, 2022
Judgment: Appeals dismissed

*Scott S. Rosenthal,* Rosenthal, Thurman, Lane, LLC, North Point Tower, 1001 Lakeside Avenue, Suite 1720, Cleveland, OH 44114 (For Petitioner-Appellee).

*Joseph G. Stafford, Nicole A. Cruz,* and *Kelley R. Tauring*, Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Petitioner-Appellant).

MARY JANE TRAPP, J.

{¶1}   Appellant, Brian J. Krueger (also referred to herein as "Mr. K." and "Petitioner -02"), has appealed from two judgments of the Geauga County Court of Common Pleas, one entered on April 15, 2022 (Case No. 2022-G-0022) and one entered on June 29, 2022 (Case No. 2022-G-0028).  These matters have been consolidated in this court.  At issue is whether the underlying judgments are final and appealable such that this court must reach the merits of Mr. K's claimed errors.  For the reasons discussed

in this opinion, we conclude the judgments at issue are not final and therefore not appealable at this time. The appeals are accordingly dismissed.

{¶2} Mr. K. and appellee, Coleen J. Krueger (also referred to herein as "Ms. K." and "Petitioner -01"), were married and later entered into separation agreement. A judgment of dissolution was filed by the trial court on April 21, 2021. In November 2021, Ms. K. filed a Civ.R. 60(B) motion for relief from the April judgment. Ms. K. sought relief based upon allegations that Mr. K. significantly undervalued business assets that were sold subsequent to the trial court's decree. According to Ms. K., the agreed property division represented the assets at approximately one-quarter of the amount for which they were sold. Ms. K. claimed she had no knowledge that the assets were undervalued at the time she entered the dissolution. Ms. K. therefore asserted that Mr. K's alleged attempt to defraud her was sufficient to support relief under Civ.R. 60(B).

{¶3} In April 2022, during the pendency of the Civ.R. 60(B) proceedings, Mr. K. filed a notice with the trial court asserting the magistrate in the underlying dissolution proceedings had, prior to the entry of the final decree, engaged in communications with the parties and their counsel off record. Mr. K. claimed that these communications would render the magistrate a necessary witness in the matter, which required the magistrate's recusal. In effect, Mr. K. alleged the communications pertained to the parties' agreement over property division, spousal support, child support, and shared parenting. As such, Mr. K. alleged the magistrate possessed knowledge of facts that related to Ms. K.'s Civ.R. 60(B) motion.

{¶4} The trial court subsequently denied Mr. K's motion to recuse. Mr. K. filed a notice of appeal of the April 15, 2022 judgment. This court issued an order for Mr. K. to

2

show cause as to why the matter should not be dismissed for lack of a final, appealable order.

{¶5}  Mr. K. filed his brief in support of jurisdiction, arguing this court should find the judgment denying the motion to recuse final and appealable because (1) divorce proceedings are special proceedings, *see Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, ¶12; and (2) the judgment affected a substantial right under R.C. 2505.02(B)(2).  Regarding the latter point, Mr. K. asserts his constitutional right to due process was affected when the court denied his motion to recuse.  Mr. K. alleges that Ms. K.'s Civ.R. 60(B) motion is premised upon statements that he failed to disclose information pertaining to the businesses and their value prior to the entry of the judgment of dissolution.  He asserts that the magistrate's alleged role in the parties' negotiations in reaching the property division is pertinent to whether Ms. K. knew about the information upon which she premised her motion for relief.  He therefore claims that his substantial right to due process would be violated if the instant appeal did not proceed, as it would prevent him from properly presenting a defense in a meaningful manner at a meaningful time.

{¶6}  In her brief in opposition to jurisdiction, Ms. K. asserts that the judgment denying the motion to recuse the magistrate does not fit within any of the provisions set forth under R.C. 2505.02(B). In particular, she claims that the pre-decree communication between the magistrate and the parties is tantamount to a telephonic or "in chambers" pretrial conference between a court of record, parties, and their counsel.  Her allegations of fraud, however, are premised upon an alleged post-decree discovery of information that the value of the assets to which she agreed were undervalued by some 75 percent.

3

Case Nos. 2022-G-0022 and 2022-G-0028

Had she possessed any knowledge of this possibility at the time she entered into the separation agreement, Ms. K. would have rejected the valuation. According to Ms. K., Mr. K's argument is a "red herring" because he overexaggerates the import and role of the magistrate's communications and/or his involvement in the ultimate substantive settlement negotiations. By denying the motion to recuse, she claims, Mr. K's due process rights are unaffected and thus any alleged error can be considered and addressed upon entry of a later, final order.

{¶7} We agree with Ms. K's position.

{¶8} Mr. K's argument that his due process rights will be affected by the lack of the magistrate's testimony is highly speculative and somewhat disconnected from the allegations upon which appellee's Civ.R. 60(B) motion is premised. Ms. K's motion appears to concern itself with *Mr. K's* alleged non-disclosure of potentially heightened values of marital property that were arguably known by Mr. K. but not revealed to Ms. K. Ms. K's fraud allegations relate to what *she* may or may not have known and relied upon at the time of the property settlement agreement. And, similarly, given the relative timeline regarding the purported sale(s), what was known by Mr. K. What the magistrate's concerns were and the nature of the communications between the magistrate and the parties would not necessarily affect Ms. K.'s fraud allegations. Further, as a practical matter, it would be a strange and unintelligible situation for Ms. K. to know of the alleged undervaluing but not negotiate the division of property in light of that knowledge.

{¶9} Given the foregoing, it is unclear how the magistrate's pre-decree communications with the parties would impact Mr. K.'s defense to Ms. K.'s allegations.

4

Case Nos. 2022-G-0022 and 2022-G-0028

We therefore decline to conclude that the trial court's judgment denying Mr. K.'s motion to recuse the magistrate affected his substantial right to due process.

{¶10} Moreover, various appellate courts, including this court, have concluded a motion to recuse a magistrate is not immediately appealable where other issues are pending in the trial court. In *Dunham v. Ervin*, 10th Dist. Franklin No. 17AP-79, 2017-Ohio-7616, the Tenth Appellate District observed that a trial court's denial of a motion to remove a guardian ad litem and a magistrate is not a final appealable order under R.C. 2505.02 where there are still other issues pending in the trial court. *Id.* at ¶21. In drawing its conclusion, the *Dunham* court cited this court's holding in *Longo v. Longo*, 11th Dist. Geauga No. 2010-G-2998, 2011-Ohio-1297. In *Longo*, this court observed:

{¶11} "[T]he denial of appellant's motion to remove the guardian ad litem does not fall under any of the categories for being a final order pursuant to R.C. 2505.02(B). * * *

{¶12} "[A]ppellant is attempting to appeal the denial of his motion to remove the guardian ad litem even though there are still other issues pending before the trial court. Therefore, the orders appealed from are not final and appealable." *Id.* at ¶18-19.

{¶13} Similarly, in *Aloi v. Enervest*, 11th Dist. Portage No. 2011-P-0023, 2011-Ohio-5112, this court concluded that a "judgment entry overruling the motion to recuse a common pleas judge and disqualify a magistrate is not a final appealable order." *Id.* at ¶3; *see Abbas v. Abbas*, 6th Dist. Wood No. WD-00-015, 2000 WL 281713, *1 (Mar. 10, 2000) (denial of a motion to disqualify a magistrate for bias is not a final appealable order); *see also Tassone v. Tassone*, 10th Dist. Franklin No. 18AP-810, 2019-Ohio-1018, ¶20-22 (motion to disqualify a magistrate is not a final, appealable order where matters remain pending); *Robinson v. Prudential Ins.*, 5th Dist. Tuscarawas No. 1998CA00058, 1999 WL

5

Case Nos. 2022-G-0022 and 2022-G-0028

34784, *2 (Jan. 19, 1999) ("[T]he denial of a motion to disqualify [a magistrate] is not a final, appealable order. * * * At the time appellant filed his notice of appeal, the rulings from which he was appealing were interlocutory and not final, appealable orders.")

{¶14} In addition to our conclusion that the denial of Mr. K.'s motion to recuse does not affect a substantial right, the Civ.R. 60(B) motion remains pending. Accordingly, we conclude the trial court's judgment denying the motion to recuse is not a final, appealable order.

{¶15} Moreover, Mr. K. filed a separate appeal of the trial court's June 29, 2022 judgment denying, inter alia, his request to conduct additional discovery. In his notice of appeal, Mr. K. set forth the following probable issue for review: "Whether the trial court erred in precluding [Mr. K.] an opportunity to conduct discovery and precluding [Mr. K.] from filing a motion for summary judgment after the completion of discovery."

{¶16} In its June 29, 2022 judgment entry, the trial court observed and concluded the following:

{¶17} "Petitioner -02 Brian J. Krueger also argues that the Magistrate abused his discretion in not granting his request for an extension of time to file his Motion for Summary Judgment.

{¶18} "In support of this argument, Petitioner -02 submits that this Court needs to defer consideration of summary judgment herein on Petitioner -01's pending R.60(B) Motion in view of the fact that he has not completed his discovery in this case.

{¶19} "A review of the docket, however, indicates that (a) Petitioner -01's underlying R.60(B) Motion has been pending since November 22, 2021; (b) By his own admission as stated in his Motion to Set Aside, Petitioner -02 declined to commence

6

formal discovery until approximately 120 days later when he served his Interrogatories and Request for Production upon Petitioner -01 on March 11, 2022, and noticed Petitioner -01 for a deposition on March 25, 2022; (c) Petitioner -02 was advised of the discovery cut-off date of March 8, 2022 in the Magistrate's Order issued December 13, 202[1]; and ([d]) the discovery cut-off date was subsequently extended to April 29, 2022 to accommodate both parties pursuant to the Magistrate's Order issued March 16, 2022.

**{¶20}** "Given these facts, Petitioner -02's failure to timely complete discovery does not warrant or require a further extension of time as requested by Petitioner -02 to file a Motion for Summary Judgment."

**{¶21}** Given Mr. K.'s statement of the issue in his notice of appeal, it would appear the foregoing adjudicatory action forms the basis of the appeal in Case No. 2022-G-0028.

**{¶22}** With this in mind, discovery rulings are generally interlocutory which are not final and appealable because any harm in an erroneous ruling is correctable on appeal at the conclusion of the entire case. *See Walters v. Enrichment Ctr. of Wishing Well, Inc.*, 78 Ohio St.3d 118, 120-121 (1997). Still, R.C. 2505.02(B)(4) defines a final order as:

**{¶23}** "An order that grants or denies a provisional remedy and to which both of the following apply:

**{¶24}** "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

**{¶25}** "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

Case Nos. 2022-G-0022 and 2022-G-0028

{¶26} R.C. 2505.02(A)(3) defines a "provisional remedy" as a remedy sought in a "proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, [or] *discovery of a privileged matter* * * *." (Emphasis added). Therefore, if a trial court orders a party to disclose privileged material, the entry is a final appealable order pursuant to R.C. 2505.02(A)(3) and (B)(4). *See Briggs v. Mt. Carmel Health Sys.*, 10th Dist. Franklin No. 07AP-251, 2007-Ohio-5558, ¶11.

{¶27} The trial court did not order discovery of a privileged matter. To the contrary, it simply affirmed the magistrate's order that Mr. K. was not entitled to additional time for discovery in light of the history of the case. We therefore conclude that the judgment at issue is interlocutory and does not meet the requirements of a final order under R.C. 2505.02(B).

{¶28} For the reasons discussed in this memorandum opinion, the consolidated appeals under Case No. 2022-G-0022 and Case No. 2022-G-0028 are dismissed for want of final, appealable orders.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case Nos. 2022-G-0022 and 2022-G-0028